Case now, Yang v. Lynch Mr. Tolman You may proceed. Good morning, Your Honors, and may it please the Court. My name is Daniel Tolman and I represent the petitioner, Mr. Yang. Your Honors, the question before this Court today is whether the agency, in this case the immigration judge and the Board of Immigration Appeals, correctly applied the corroboration requirements applicable to asylum applications that are filed subsequent to the enactment of the Real ID Act. In this case, Your Honors, the immigration judge failed to make a credibility finding regarding the petitioner's testimony and at the time that he requested corroboration, his decision does not make it clear whether the purpose of the request was for the weight of the evidence or for the petitioner's credibility. The immigration judge noted that he had reached an adverse credibility finding as a result of the failure to provide corroborating evidence, but he had never made a separate finding about credibility prior to making that request. The Board, in its decision dismissing the petitioner's appeal, focused almost exclusively on the issue of corroboration and whether the immigration judge had correctly denied the application on that basis. The Board of Appeals noted that the immigration judge concluded that the petitioner could reasonably have obtained evidence that would help corroborate his claim and that in the absence of such evidence, the petitioner did not establish that his claim for relief is credible. So the question of corroboration can go to the weight of the evidence, which is where it is contained within the statute, or it can be a matter of credibility. Of course, the immigration judge can request it for either purpose, but it needs to be clear what the purpose is that the corroborating evidence is supposed to serve. The testimony of the petitioner, if credible, can suffice to establish eligibility for asylum. So when the immigration judge determines that additional evidence is needed, that's perfectly within the judge's authority to do. However, the judge should be clear as to why it is that he is making that request. The statute places the authority that the judge has to request evidence  unless it's explained why it reasonably cannot be provided. But that section of the statute is within the provision regarding the burden of proof and the weight of the evidence. A lot of the case law on this issue deals with evidence, the corroboration that is being considered for the purpose of establishing whether there is sufficient evidence to approve or grant the application. Yes, Your Honor. I was just going to say, on this issue, are you talking about whether property is expropriated? Yes, Your Honor. This is pretty common, I guess. We call around here condemnation. Over there they just take it or leave it, I guess. Your Honor, the immigration judge noted that there does seem to be a widespread practice in China as noted in the State Department report where the government does take property and does just say, here's what you get. And in this case, the petitioner claimed that that was significantly below the value. It prevented him from being able to find a new place to live. And the fact that he protested, he claims, resulted in the loss of his job. There's also some, I believe that the immigration judge may have noted that. This seemed to be some kind of a family home. It was an apartment that was shared by a family, Your Honor. Just an apartment? I believe so, Your Honor. But it was owned? Yes. Like a condominium or something? That's correct, Your Honor. That's what the petitioner justified to. So, there are two separate questions, one being credibility, one being the weight of the evidence. Corroboration can properly be considered for either. However, in this case, it appears that the I'm having trouble. How distinct are those issues? Well, quite, actually. If the question is purely one of whether enough evidence has been submitted, then the court needs to look at whether the evidence absent the corroboration was sufficient. We can actually look at whether the burden was met. But the weight of the evidence depends upon its persuasive force, right? Correct. Which would depend upon its credibility. Correct. So, I'm having trouble drawing the distinction you're drawing. Yes, Your Honor. For purposes of asylum, the immigration judge should make a specific credibility determination and should articulate the basis for that determination, whether it be the demeanor of the witness or inconsistencies in testimony or anything of that nature. And, as a matter of fact, the subsection of the statute immediately below, following the section that allows the immigration judge to request corroboration, provides that unless a specific finding of adverse credibility is made, then the petitioner is entitled to a presumption of credibility on appeal. And in this case, what we have is a lack of that specific finding, except that it appears that the immigration judge may have found a lack of credibility based on the failure to provide corroborating evidence. So the question is really, what was the reason for the request for corroboration? If the immigration judge requested corroboration based on a flawed finding of lack of credibility, then the request itself is flawed. And if that's the case, then the case must be remanded for a proper determination of whether the petitioner was, in fact, credible or not. So then give us a real world factual scenario showing credibility, because an IJ, as I understand it, can say, I find the person credible. I'm believing the testimony that they're giving me on the one hand, but then say there's not corroboration. Correct. So if the immigration judge is following that and is making a distinction, the immigration judge has the authority to say, I believe everything that you're telling me, but unless you can show me some documents, I'm still going to deny this because I don't think there's enough evidence. That's not what happened here. An example of where this can go awry, where there is a flawed credibility determination underlying things, is that, for example, the immigration judge is incorrect about testimony that was given or about evidence that was presented or misunderstands the claim. For example, if the immigration judge incorrectly believes that the applicant stated that he had a certain number of children or lived in a certain province and the immigration judge requests corroboration of that mistaken belief, then clearly the inability to provide that corroboration should not be counted against the applicant because the reason for asking for it was a mistake. That was incorrect. So if the immigration judge finds that the individual is not credible because of something that the immigration judge misunderstood, then it doesn't make sense that that should cut against the applicant. The statute doesn't say that that's what needs to happen. That's why the corroboration section is under burden of proof and not under credibility. Does this come under the political umbrella? I believe it does, Your Honor. Because that's when you've got to have something. We do, Your Honor. However, I think that I agree with the respondent's position in one of their notes that when it comes to the merits of the actual claim, this matter should be remanded because the agency never reached a proper conclusion regarding the sufficiency of the evidence absent this issue of corroboration. So the board essentially glossed over an analysis of the evidence and whether it was sufficient. They essentially relied on the fact that the immigration judge has the authority to deny an application for lack of corroboration and left it at that. So the merits of that portion of the appeal have not been reached. But, yes, Your Honor, the request was based on political grounds. Just because he opposes the method of appropriation. He opposes the actions of the government. Yes, the method of appropriation and, in general, the bullying of the government is what he described it at in his testimony. And he did testify that when he went to make his complaints, the police who detained him and beat him essentially said, stop making trouble for the government. So it seemed to be perceived, or his argument was that it was perceived more broadly as an opposition to the government. Mr. Toman, I'm trying to see where these arguments were in the blue brief. Frankly, this all sounds like an entirely different case than the one I prepared for. I apologize for that, Your Honor. Except for the facts, yes. But the legal theory seems entirely new. Your Honor, the petitioner's brief was, I believe, perhaps lacked some focus. But the issue itself about the applicability of the corroboration provision was identified, and it was addressed, actually, I feel, in the respondent's brief. Well, let's focus on the blue brief that we rely upon to tee up the case for us. Where do we see this? Your Honor, the argument regarding the incorrect application of the corroboration portion of the statute is not properly developed in the brief that was submitted. Nor is the credibility argument. And could you also address the immigration judge's finding, therefore I have reached an adverse credibility finding. The confined respondent has not sufficiently corroborated his claim. Your Honor. Page 11 of the appendix. Please go ahead and answer. Yes. The red light won't help you. Oh, no. Thank you. So, taken in separate parts, the immigration judge's, sorry, one second, Your Honor. It's A11, page 6 of the immigration judge's decision. Thank you. The adverse credibility finding that the immigration judge made in that portion of the decision is the result of the lack of corroboration. So he does not state whether the testimony is credible or not before he makes a request for corroboration. And then he is after the fact stating that based on the lack of corroboration, he's going to find no credibility. So it's a circular request, if you will. And, Your Honor, that's actually the same portion that the board cited in its decision at page 4 of the record, page 2 of the decision, where they cite the immigration judge at 4 to 6, when they state that in the absence of the evidence that was requested, that he did not establish that his claim for relief is credible. So it is a circular request that was made. And, Your Honor, regarding the prior question about the brief itself, I would just submit that the, I guess really we're talking about a waiver issue, and any potential waiver of the argument, I think, was itself waived by the respondent by not tagging. No, you've just made these arguments now for the first time. I apologize. The government has waived nothing. You're correct, Your Honor. I apologize. You were subbed in pretty late here, right? Yes, Your Honor. All right. Thank you. Thank you. Ms. Morgan. Good morning, Your Honors. May it please the Court. I'm Carmel Morgan on behalf of the respondent, the U.S. Attorney General. I, as well, was surprised by the arguments that Petitioner's Counsel made and am not prepared to directly address them today. I prepared for the argument based on the brief. And as I understood the argument in the brief, the argument was, I presented credible testimony and that's all I have to do, when clearly that is not the law with regard to asylum cases. It can be that if you present credible testimony, that's enough. It also can be that an immigration judge can require corroboration. That's what happened in this case. The petitioner provided almost no corroboration of his claims. The only document that comes close to corroborating his claim is a medical certificate saying that he was beaten. But it doesn't say who beat him, when, why, how, under what circumstances. The immigration judge gave him some opportunities during the hearing and asked, for example, did you bring or submit any evidence of your home ownership, of the agreement that apparently you reached with the government, a receipt for compensation? And he said, I believe, I don't have it here, which to me indicates that that evidence exists, he just didn't present it. That's on page 91 of the administrative record. The immigration judge also asked, apparently, in the asylum application itself, the petitioner didn't mention that he had lost his job because of his protests, but he gave that testimony before the immigration judge, and the immigration judge asked, do you have anything from your company saying that? And he said, no, it was a private company, and private companies aren't required to document that. The immigration judge also asked specifically about whether he was in touch with his family in China, and he said he was, and there's case law from this circuit stating that if you're in touch with your family, then you can reasonably assume that those family members could provide an affidavit on your behalf if they would have something to say. The wife and other family members clearly were aware that their house was demolished and that he had been detained and beaten, but the petitioner didn't present any such affidavits. There's, I think, really no question that even though his testimony was fairly straightforward and is consistent with country condition reports, that this is simply a failure of the petitioner to meet his burden of proof where he didn't provide reasonably available corroborating evidence, and he provided no excuse for why he could not provide such evidence, and while an immigration judge isn't obligated to give a continuance, he didn't ask for one. He's never stated, never once stated that he could provide any additional evidence and didn't ask to make such an attempt, and so the government's position is that substantial evidence supports the agency's decision in this case that the petitioner didn't meet his burden of proof because he failed to provide reasonably available corroborating evidence. So your position would be that we could deny the petition for review based on the fact of the lack of corroborating evidence, and that would be an independent reason from the credibility, which you said, you know, which is a new argument that we're hearing today. Yes, Your Honor. It is a separate independent basis that you can rule upon and affirm the board's decision. In addition, it is true that because the board didn't address credibility but said in a footnote they weren't reaching it, you assume for purposes of this argument that he was credible. It's true the immigration judge said that he was not, but it doesn't make any difference in this case, credible or not credible. The immigration judge can require reasonably available corroborating evidence, and the petitioner doesn't state why he couldn't provide such evidence. The petitioner did make some new creative arguments, but I'm not prepared to address them now, and I would argue vociferously that they were waived. I have a question, maybe two of them. Is this something that's recurring, this type of claim, where this appropriation of people getting their property taken and they're getting beat up by not paying, or is this unusual? This apparently was in a complex of a number of condominiums, all of which I assume were appropriated. For some amount, I don't know. My understanding from the country report is that in China there are a number of instances where there have been land appropriations where people whose land is at issue dispute the amount of compensation that they are given and there have been protests. I just wonder if that does fall under political or is it just strictly an economic issue? That's an interesting question, which the board didn't address in this particular case. My second question is that is this very common when Chinese refuse the voluntary departure? Is the consulate giving any visas to have them sent back? Or do you know? I'm not the most up-to-date person on where that stands now. I don't know who it is because occasionally when I ask this they usually don't know, but I'm not sure anybody's been shipped out of here. My understanding is that China is one of the countries that sometimes we have difficulty getting cooperation from and obtaining travel documents that would allow us to send persons back. So they're all here somewhere, right? I don't know, do people... The petitioner in this case is present in the United States and not detained, yes. Okay, well I just wondered how they keep track of all these people that I think are accumulating that China doesn't want back anyway. And we continue to process the cases for better or worse. I do understand your frustration. I'm just curious. This one is not anything that's worrisome. I'm just more curious. Right. It's rare of me to say this at an argument, but I thought I would propose it since there were very similar facts in a February 2013 case, which both the immigration judge and the board mentioned it might be helpful, although I think the law is clear. It might be helpful to publish a decision that might foreclose future cases. Perhaps you wouldn't see those under very, very similar facts to this case, and it would be helpful perhaps. Do you have the name of that case? It's Meixiao Liu, M-E-I-X-I-A-O. And I can give you the docket number more helpful for you. That would help. It's 12-1350, and it's presently 501 Fed Appendix 564. And similar in what way? It's actually, I find, a somewhat more compelling case. But it's a case in which the petitioner said that his land was appropriated, that he protested, that he was arrested, that he was beaten. I think you were on the panel, Judge Hamilton. The decision ended up saying that because this gentleman was in touch with family to provide affidavits in support of his entire claim, that it was reasonable and appropriate for the agency to have reached the conclusion that they were going to deny the petition, I mean the asylum application, based on lack of corroboration. So if there are no further questions, the government asks that you deny the petition. All right. Thank you. How much time? All right. I'll give you one minute. Thank you, Your Honor. And sorry, Ms. Morgan, for misstating earlier about the waiver. That was my confusion, and I apologize to the court as well. Your Honors, regarding the Mei Shan Liu decision, I think that the issue in that case actually, this court did consider this particular type of property taking in China. However, it did not reach the issue, and in that case, corroboration was going to the weight of the evidence because the petitioner had been found to be credible by the judge. And again, I believe that this is a case where we cannot assume a credibility finding. The Board of Appeals actually cited the immigration judge for the position that the lack of corroboration meant this claim was not credible, but there was never that specified credibility finding that the judge is supposed to be making at the trial level. And so I feel that remand is appropriate so that the agency can further develop the issues and make a clear determination. Is this a matter of the weight of the evidence or something else? Thank you, Your Honors. All right. Thank you. We'll take the case under advisement.